UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL CASASNOVAS CORTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:25-cv-01427-JAW |
| | ) |
| APEX BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DEEM UNOPPOSED DEFENDANT'S MOTION TO DISMISS AND URGENT MOTION FOR LEAVE TO FILE OPPOSITION ONE DAY OUT OF TIME, TO DENY AS MOOT DEFENDANT'S MOTION TO DEEM UNOPPOSED & [FOR] LEAVE TO FILE IN EXCESS OF PAGE LIMITS**

The court finds the plaintiff demonstrated excusable neglect and permits the plaintiff to file their opposition to the defendant's motion to dismiss after the deadline. The court also grants the defendants leave to file a reply to the plaintiff's opposition to their motion to dismiss within fourteen days of this order.

**I.  BACKGROUND**

On August 11, 2025, Rafael Casasnovas Cortes filed a twenty-nine-page complaint in this court against Apex Bank (Apex), the Honorable Maite D. Oronoz Rodríguez, Chief Justice of the Supreme Court of Puerto Rico, Sigfrido Steidel-Figueroa, Court Administrator for the Puerto Rico courts, and the Bureau of Alternative Methods, the office in state government responsible for the foreclosure mediation program, alleging that Apex violated the Real Estate Settlement Procedures act (RESPA) and its implementing regulation, Regulation X. *Compl.* (ECF No. 1). On September 24, 2025, Mr. Casasnovas moved for the issuance of

summonses, *Mot. for Issuance of Summons* (ECF No. 6), and on the same day, the Court granted Mr. Casasnovas's motion. *Order* (ECF No. 9). The Clerk's Office issued a summons to Apex as well as other Defendants on September 24, 2025. *Summons* (ECF No. 10). On November 25, 2025, Attorney Jose L. Ramirez-Coll filed a notice of appearance on behalf of Apex. *Notice of Appearance and Req. for Notice* (ECF No. 20). The same day, Attorneys Iones A. Rivera-Jiménez and Vanessa M. Torres-Quiñones entered their appearances on behalf of Apex. *Notice of Appearance* (ECF No. 22).

On December 24, 2025, Apex filed a motion to dismiss the complaint through Attorneys Ramirez-Coll and Carolina V. Cabrera Bou. *Mot. to Dismiss* (ECF No. 25). The docket confirmed that Mr. Casasnovas's response to the motion to dismiss was due by January 7, 2026. *Id.* Mr. Casasnovas, however, failed to respond to the motion to dismiss by the January 7, 2026 deadline. On January 8, 2026, Apex moved to have its motion to dismiss deemed unopposed. *Mot. to Deem Unopposed Def.'s Mot. to Dismiss* (ECF No. 29) (*Apex Mot.*). On January 8, 2026, Mr. Casasnovas filed a motion for leave to file his opposition to the motion to dismiss one day late, to deem Apex's motion to dismiss moot, and to file an opposition with excess pages. *Urgent Mot. for Leave to File Opp'n One Day Out of Time, to Deny as Moot Def.'s Mot. to Deem Unopposed & to Leave to File in Excess of Page Limits* (ECF No. 30) (*Pl.'s Opp'n*). Apex did not file a response opposing Mr. Casasnovas's motion for leave to file his late opposition.[1]

---

[1] Apex informed the Court that it would not file a response in opposition to Mr. Casasnovas's motion for late response but did informally move the Court for leave to file a reply to Mr. Casasnovas's

## II.   THE PARTIES' POSITIONS

In its motion, Apex cites United States District Court for the District of Puerto Rico Local Rule 7(b), which provides in part that "unless within fourteen (14) days after service of a motion the opposing party files a written objection to the motion, the opposing party shall be deemed to have waived any objection to the motion." *Apex Mot.* at 1 (quoting P.R. LOC. R. 7(b)). Based on Local Rule 7(b), Apex requests that the Court deem its motion to dismiss unopposed. *Id.* at 1-2.

In his opposition, Mr. Casasnovas observed that as Apex's motion was filed on December 24, 2025, between December 24, 2025 and January 8, 2026, "there were only seven workable days in Puerto Rico for a standard five-day work week (Monday to Friday)." *Pl.'s Opp'n* at 1. Noting that Federal Rule of Civil Procedure allows a court to extend time when a motion is made after the due date for excusable neglect, Mr. Casasnovas contends that his failure to comply with the fourteen-day deadline of Local Rule 7(b) constituted excusable neglect because of the Christmas holiday recess and counsel's resuming operations after the holiday. *Id.* at 1-2. Mr. Casasnovas also states that the one-day delay has caused no prejudice to Apex, that counsel acted in good faith, and the Court would benefit from adjudicating the motion on the merits. *Id.* at 2.

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed

---

late response pursuant to Local Rule 7(c). Based on this ambiguous message, the Court is unclear whether Apex is maintaining its motion to deem unopposed its motion to dismiss. *Apex Mot.*

3

to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).  In 1993, the United States Supreme Court issued *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) describing the concept of excusable neglect as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.  The *Pioneer* Court set forth four relevant factors. Including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*  The First Circuit has written that "[w]hile each potential factor should be weighed, there is ultimately a thumb on the scale because '[w]ithin the constellation of relevant factors, the most important is the reason for the particular oversight.'" *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017) (quoting *Nansamba v. North Shore Med. Ctr., Inc.*, 727 F.3d 33, 39 (1st Cir. 2013)).

In *Tubens v. Doe*, a 2020 decision, the First Circuit also observed that when the sanction is the dismissal of a case, there is a "'strong presumption in favor of deciding cases on the merits.'" *Tubens v. Doe*, 976 F.3d 101, 107 (1st Cir. 2020) (quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir. 2007)). Typically, dismissal with prejudice, for example, is justified only "when a party repeatedly fails to comply with orders of the court, including court-ordered deadlines." *Id.* (citing *Serra-Lugo v. Consortium-Las Marias*, 271 F.3d 5, 6 (1st Cir. 2001) (per curiam).

## IV.   DISCUSSION

Considering all relevant circumstances as required by *Pioneer*, the Court concludes that Apex has demonstrated excusable neglect within the meaning of Rule 6(b)(1)(B).  *See United States v. González-Carro*, No. 11-cr-45-14(RAM), 2021 U.S. Dist. LEXIS 92679, at *5-7 (D.P.R. May 12, 2021) (concluding that the excusable neglect standard had been met when a pro se litigant filed a notice of appeal beyond the fourteen-day deadline but within the thirty-day potentially extended deadline).  First, there is no evidence of any prejudice to Apex for a one-day delay in the proceedings.  Second, the length of the delay is minimal, only one day.  Third, the reason for the delay is essentially the intervening holidays of Christmas and New Years, and the limited number of work days between December 25, 2025 and January 7, 2026.  The First Circuit has occasionally observed that "lawyers are not automatons," and they cannot be expected to work "365 days per year."  *United States v. Gates*, 709 F.3d 58, 67 (1st Cir. 2013).  Here, Apex filed its motion on Christmas Eve, knowing that Plaintiff's counsel would face preparation of an opposition over the holidays, and, based on the length of Plaintiff's opposition, twenty-two pages, the Court finds that Plaintiff's counsel must have attended diligently upon the task during the holidays but simply neglected to file — as opposed to prepare — the opposition by the due date.  As for the final *Pioneer* factor, there is no evidence that Plaintiff's counsel did not act in good faith.  Finally, the Court has considered the First Circuit's admonition that the law prefers that cases be decided on their merits

5

and not for procedural reason, especially where, as here, there is no history of a failure to comply with court-imposed deadlines.

Having concluded that the Plaintiff's motion for late filing should be granted, the Court dismisses Apex's motion to deem its motion to dismiss as unopposed and grants the Plaintiff's motion for leave to file in excess of page limits.

## V.    CONCLUSION

The Court GRANTS Rafael Casasnovas Cortes's Urgent Motion for Leave to File Opposition One Day Out of Time, to Deny as Moot Defendant's Motion to Deem Unopposed & to Leave to File in Excess of Page Limits (ECF No. 30).  The Court allows Rafael Casasnovas Cortes's filing of Plaintiff's Opposition to Motion to Dismiss (ECF No. 31) to stand and GRANTS his motion for leave to file in excess of page limits.  The Court DISMISSES as moot Apex Bank's Motion to Deem Unopposed Defendant's Mot. to Dismiss (ECF No. 29).  The Court GRANTS Apex Bank leave to file a reply to Plaintiff's Opposition to Motion to Dismiss within fourteen days of the date of this order.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2026